FLOYD W. AND ELAINE M. BEAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beam v. Commissioner
Docket No. 28837-88
United States Tax Court
T.C. Memo 1990-304; 1990 Tax Ct. Memo LEXIS 322; 59 T.C.M. (CCH) 915; T.C.M. (RIA) 90304; June 19, 1990, Filed *322 Decision will be entered under Rule 155. William P. Koontz, for the petitioners. Catherine J. Caballero, for the respondent. GERBER, Judge. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent, by means of a notice of deficiency dated August 4, 1988, determined a deficiency in petitioners' 1981 income tax of $ 39,752, plus additions to tax under section 6651(a)(1)[1] of $ 7,950, section 6654 of $ 3,046, section 6653(a)(1) of $ 1,988, and section 6653(a)(2) in an amount to be computed as 50 percent of the interest due on any resulting deficiency. Prior to trial, the parties stipulated to the amount of petitioners' income [2] *323 for 1981, and respondent agreed to many of the deductions claimed prior to trial by petitioners. The issues remaining for our consideration are: 1) Whether the period for assessment of petitioners' 1981 income tax and additions to tax had expired at the time respondent mailed the notice of deficiency; 2) Whether respondent failed to comply with certain regulations issued under the Paperwork Reduction Act of 1980, and if so, whether such failure would have an effect upon any income tax deficiency that may be due from petitioners; 3) Whether petitioners have substantiated their entitlement to 1981 deductions for depreciation and other expenses concerning a motorcycle, rental expenses concerning an automobile, and depreciation and interest expenses relating to rental property in Davenport, Washington; 4) Whether petitioners have shown that their basis in property located in Seattle, Washington, should be increased by $ 10,000 representing the cost of improvements to that property; 5) Whether petitioners are subject *324 to the additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654; and 6) Whether petitioner Elaine Beam is an innocent spouse within the meaning of section 6013(e). FINDINGS OF FACT The parties entered into a stipulation of facts, with attached exhibits, all of which are incorporated by this reference. At the time of the filing of their petition, Floyd W. and Elaine M. Beam were husband and wife, who resided in Springfield, Oregon. During 1981, petitioners operated an insurance agency. Petitioner Floyd Beam was a self-employed insurance agent and petitioner Elaine Beam worked as a secretary at the agency. As part of her office responsibilities, Mrs. Beam routinely accepted clients' cash premium payments and, in turn, wrote checks for those payments to the insurance companies involved. On August 10, 1982, both petitioners signed a 1981 Federal Form 1040. Instead of supplying the information requested on the Form 1040, petitioner Floyd Beam filled in the blanks with the words "Object-self incrim[ination]" and "None" or "0". On the form, petitioners reported their taxable income and tax liability to be zero. They also reported that they made no estimated payments *325 on their 1981 tax liability. Mrs. Beam asserts that she did not "totally" review the return when her husband told her that he had completed the return and that she should sign it, she just looked to where her signature was called for and signed. The Form 1040 that petitioners signed bears a valid Office of Management and Budget (OMB) control number -- 1545-0074 -- assigned pursuant to the Paperwork Reduction Act of 1980, 44 U.S.C. section 3501 et seq., Pub. L. 96-511, 94 Stat. 2812. Respondent received petitioners' 1981 Form 1040 at the Ogden, Utah, Service Center on October 25, 1982. There is no explanation for the time that elapsed between the date petitioners signed the return (August 10, 1982) and the date respondent received it (October 25, 1982). Prior to trial, the parties agreed upon most of the items of petitioners' income, deductions, and credits for 1981, as set forth below. For 1981, petitioners received the following income: Business income
$ 46,162
Interest income
3,329
Capital gains
[2] 18,422
"Ordinary" income
[2] 11,263
TOTAL      $ 79,176
Petitioners also received $ 27,425 *326 in distributions from a Keogh Plan. Petitioners are entitled to claim the following business expenses for 1981: Depreciation
$ 2,125 Office supplies and postage
353
Taxes
363
Travel and entertainment
1,948
Vehicle Expense
3,702
Parking expense
9
Miscellaneous labor
2,558
Other items
9,936
Additional cash paid out
337
Home office expense
1,076 TOTAL:     $ 22,407
For 1981, petitioners are entitled to moving expenses of $ 2,753 and the following itemized deductions: Medical insurance premiums
[3] $ 1,138
Other medical and dental expenses
[3] 973
Real estate taxes
959
General sales taxes
684
Other taxes
347
Home mortgage interest
1,448
Credit and charge card interest
29
Other interest expense
117
Cash contributions
1,499
Miscellaneous education expense
13
TOTAL     $ 7,207
Additionally, for their 1981 taxable year, petitioners are entitled to a bad debt deduction of $ 1,860; a rental loss of $ 3,374; and an ordinary loss of $ 46,190 from "Northwest Petroleum Partnership." Respondent further agrees that petitioners are entitled to a tax credit of $ 65 for contributions to candidates for public office *327 in 1981. Petitioners may also utilize investment tax credits of $ 849 relating to "U-Bake Pizza" and $ 1,949 relating to the Northwest Petroleum Partnership. Petitioners' share of excess intangible drilling costs from Northwest Petroleum Partnership was $ 32,338 in 1981 and constitutes a tax preference item. OPINION Petitioners' initial argument is that the period for assessment of the 1981 deficiencies had expired before respondent's issuance of the statutory notice of deficiency. Petitioners, however, failed to properly raise this issue in accord with the rules of this Court. It is a basic requirement that all issues to be litigated must be set forth in the petition. Rule 34(b)(4). Prior to trial, a petitioner may move for leave to amend their petition to raise a new issue. Petitioners did not seek to amend their petition prior to trial. An issue that is not raised in the petition may be tried by the express or implied consent of the parties. In such cases, the Court, upon motion, may allow amendment to the petition as is necessary to raise a new issue and to cause the petition to conform to the proof. Rule 41(b)(1). Here, however, petitioners did not raise their limitations *328 claim until they submitted their trial memorandum. They did not seek to amend the petition to raise the limitations issue, nor did they make a limitations argument at trial. The limitations issue has not been properly raised, and we are not compelled to address it. Rollert Residuary Trust v. Commissioner, 80 T.C. 619, 636 (1983), affd. on other issues 752 F.2d 1128 (6th Cir. 1985). If petitioners had properly placed the limitation on assessment (statute of limitations) argument in issue, based upon the facts in the record, they would not have prevailed. If the document filed by petitioners could properly be considered a return, [4] it was not filed before August 10, 1982, the date petitioners signed the return. Respondent's notice of deficiency was issued and/or mailed on August 4, 1988, less than 6 years after the filing of the return. Under section 6501(e), if a taxpayer's return has income omitted in an amount greater than 25 percent of the gross income shown on the return, the limitations period is extended to a period of 6 years following the filing of the return. Here, petitioners failed to report any gross income. They now have conceded that they received substantial gross *329 income. Obviously they omitted more than 25 percent of the amount of gross income from their return -- that is, zero gross income. Accordingly, respondent mailed a notice of deficiency prior to the expiration of the 6-year period within which an assessment could have been made. Petitioner's principal argument is that respondent may not collect the taxes and additions to tax at issue because respondent has failed to comply with certain regulations issued pursuant to the Paperwork Reduction Act of 1980, 44 U.S.C. section 3516. These regulations provide that "An agency shall not engage in a collection of information without obtaining Office of Management and Budget (OMB) approval of the collection of information *330 and displaying a currently valid OMB control number * * *." 5 C.F.R. sec. 1320.4 (1985). The regulations further provide that "no person shall be subject to any penalty for failure to comply with any information collection request if the request does not display a currently valid OMB control number * * *." 5 C.F.R. sec. 1320.5(a); see 44 U.S.C. sections 3507(f) and 3512. Petitioner Floyd Beam stated that he has undertaken an extensive study of the tax laws. He asserts that he understands that section 1 of the Internal Revenue Code imposes a Federal income tax upon him. He apparently further understands that section 1.1-1, Income Tax Regs., explains and implements section 1. He has reviewed the references made to section 1.1-1, Income Tax Regs., in the OMB Control Number tables set forth at 26 C.F.R. sec. 602.101, Statement of Procedural Rules. The reference in those tables for section 1.1-1 does not include a reference to OMB number 1545-0074, which is the OMB control number displayed on his 1981 Form 1040. Petitioner concludes that the OMB number on the Form 1040 is, accordingly, invalid, and he may not legally use it to compute and report his Federal income tax liabilities. *331 Other regulations, however, require him to use the Form 1040. Accordingly, he contends, the only course open to him was to file the Form 1040, providing self-incrimination objections and zero for the requested information. Petitioners have confused the imposition of the Federal income tax, set forth in section 1 of the Internal Revenue Code and in section 1.1-1 of its accompanying regulations, with the duty to file a return, set forth in sections 6001, 6011, 6012 of the Internal Revenue Code, together with their accompanying regulations. [5] *332 These latter regulations require the "collection of information" on a Federal income tax return. They have been assigned an OMB number -- 1545-0074 -- as set forth at 26 C.F.R. sec. 602.101, Statement of Procedural Rules, and which in all respects appears valid. Petitioners have not shown any basis for holding that OMB number 1545-0074 (which is displayed on the 1981 Form 1040 as well as being assigned to the above regulations) is in any way invalid. Moreover, petitioners have not shown a reasonable fear of incrimination under these circumstances. The filing of income tax returns in accordance with the then current statutory and regulatory provisions does not, per se, violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner, 72 T.C. 1126, 1130 (1979). Petitioners in this case did not claim to be under criminal investigation for the taxable year in issue and, accordingly, their failure to file based upon a Fifth Amendment privilege *333 is without merit. Wilkinson v. Commissioner, 71 T.C. 633, 638-639 (1979). To invoke the Fifth Amendment privilege, petitioners must be faced with substantial hazards of self-incrimination that are real and appreciable, and they must have reasonable cause to apprehend such danger. The privilege may not be used as a method of evading or avoiding a payment of lawful taxes. Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). Petitioners reliance upon United States v. Smith, 866 F.2d 1092 (9th Cir. 1989), is inappropriate. That case turned upon the fact that the Alaska Placer Mining Application and its governing regulations did not have an OMB number. Here, however, as we have shown -- and as petitioners should have realized -- the Form 1040, and the regulations governing it, did have a valid OMB number. Petitioners' "OMB-number" contentions provide no basis for relieving petitioners of their obligation to report and pay their income tax under the Internal Revenue Code. Petitioners next urge that they are entitled to a number of deductions and credits that respondent has not allowed. Petitioners *334 bear the burden of proving that the disallowances of deductions and credits are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Their burden includes demonstrating that the claimed deductions and credits satisfy the appropriate statutory provisions. Deputy v. duPont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In this regard, section 262 expressly denies a deduction for all " personal, living, or family expenses." Section 162(a), however, allows a deduction for "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business." We need not accept petitioners' self-serving testimony in determining whether they have met their burden of proof when they fail to present other probative evidence. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Petitioner Floyd Beam claims that he should be allowed to deduct, for 1981, depreciation and other expenses with respect to a Honda motorcycle. He has produced no documentary evidence showing that he owned such a motorcycle, and, even if he did, he has failed to demonstrate how much of the motorcycle's use, if any, was related to business. The physical *335 evidence he has produced (a few gas station receipts showing small purchases of gasoline) are inadequate to carry his burden. He has failed to establish entitlement to the motorcycle-related deductions. Mr. Beam also claims entitlement to a rental expense deduction. He states that he rented an Oldsmobile automobile from Lacey Nursing Center, beginning in June or July of 1981. He has not, however, provided any records of rental payments, nor any rental contract. He has not produced any records that would substantiate the amount of claimed business use of the Oldsmobile. He offered only xeroxed copies of a temporary registration permit for a 1981 Oldsmobile registered in the name of Lacey Nursing Center. Those documents are not probative regarding the issue of deductible rental expenses. Mr. Beam's testimony as to the rentals paid for the Oldsmobile and the amount of its business usage is vague and self-serving. Respondent allowed petitioners a vehicle expense deduction of $ 3,702 for business use of vehicles. Petitioners have not shown their entitlement to an automobile expense deduction in an amount greater than that already allowed by respondent. Petitioners further argue *336 that they are entitled to deduct depreciation and interest expenses for a house which Mr. Beam owned in a partnership with one Howard Hoskins. The house was allegedly a rental property. Petitioners have failed to provide any purchase contract, any deed, any checks or receipts showing payment of interest, or any other documents that would substantiate petitioners' entitlement to depreciation deductions. The only documents offered in support of their claims are a handwritten amortization schedule drafted by Mr. Beam himself, and a portion of a tax return indicating that Mr. Beam was in partnership with Mr. Hoskins. We ascribe little weight to the amortization schedule, and the tax returns are not themselves proof of statements made therein. Halle v. Commissioner, 7 T.C. 245, 247-248 (1946), affd. 175 F.2d 500 (2d Cir. 1949). Mr. Beam's testimony on these items was vague and self-serving. Petitioners have not established that they are entitled to the claimed depreciation and interest expenses on the Davenport, Washington rental property. Petitioners additionally argue that their basis in some Seattle real estate, which they sold in 1981, should have been increased by $ 10,000 to *337 reflect claimed improvements made to the property. Section 1001 provides that a taxpayer's basis in property is subtracted from the amount realized upon the sale of that property to determine the amount of gain or loss. Section 1016 provides that the basis of property is increased for items chargeable to the capital account and reduced for depreciation. The parties have stipulated that petitioners incurred a capital gain of $ 7,807 on the 1981 sale of the Seattle property 1981. Their claimed $ 10,000 increase in basis would apparently eliminate the stipulated capital gain arising from the sale of the property and provide, instead, a capital loss. The stipulation is binding on petitioners who have not shown that justice requires relief from their stipulation. Rule 91(e). Petitioners, in fact, have failed to provide documentation that is, in any way, relevant to their basis in the property. The record does not contain documentary or probative evidence of the property's cost, ownership, use, or prior depreciation allowances, if any. Petitioners' only offering on this issue is Mr. Beam's testimony, in which he recalls roughly the cost of improvements. In that testimony he recalled *338 five items of improvements totalling $ 8,800, and then asserted that the improvements were worth "at least $ 10,000." The testimony is unconvincing and wholly uncorroborated. As with the claimed deductions, the testimony fails to show that petitioners are entitled to the basis adjustment they seek. Petitioners urge, however, that we make an estimate of the claimed improvements under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In some situations, where a taxpayer lacks the records necessary to fully substantiate claimed deductions, this Court may estimate the deductions. The Court may do so, however, only when it is convinced from the record that the taxpayer has incurred such expenses, "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." Cohan v. Commissioner, 39 F.2d at 544. Before we may make such an estimation "there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was in fact spent or incurred for the stated purpose." Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957) (emphasis in original). Until the Court has that satisfaction from the record, relief to the taxpayer would *339 be "unguided largesse." Williams v. United States, supra; Cohan v. Commissioner, supra; see Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Here again, petitioners have offered only their unsupported self-serving testimony, which is inconsistent with their stipulation. It fails to satisfy us that any addition to basis can be estimated and was, in fact, spent or incurred for the stated purpose. Therefore, we have found that the amount stipulated by the parties as capital gains is correct and deny petitioners' claim for increased basis. Respondent also determined additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), and 6654. Section 6651(a)(1) provides for an addition to tax of 5 percent per month, not exceeding 25 percent if the return is filed late. Petitioners may avoid the section 6651(a)(1) addition to tax by showing that the failure to file in a timely fashion was due to reasonable cause and not due to willful neglect. It is petitioners' burden to demonstrate that respondent's assertion of tax relating to section 6651(a)(1) is incorrect. Rule 142(a); see Clayden v. Commissioner, 90 T.C. 656, 677 (1988). Here, the 1981 return was not signed or filed before *340 August 10, 1982. Petitioners were required to file their return on or before April 15, 1982. Sec. 6072. Their only defense for failure to file a timely return is their "OMB number" argument. We decline to accept that argument as constituting reasonable cause for failure to file their return in a timely fashion. We also reject petitioners' attempt to find relief in Rev. Rul. 76-562, 1976-2 C.B. 430. That ruling provides that a return prepared and executed by respondent under section 6020(b) stops the running of the delinquency period for purposes of section 6651(a)(1). Here, however, petitioners have not shown that respondent executed a return under the provisions of section 6020(b). Nor have they shown that, if such a return was prepared, it was prepared and executed before they filed the Form 1040 at issue, which respondent has accepted as constituting a return. Accordingly, the addition to tax under section 6651(a)(1) is sustained. Section 6653(a)(1) provides for an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. Petitioners again have the burden of showing that these additions to tax do not apply. Marcello v. Commissioner, 380 F.2d 499, 507 (5th Cir. 1967), *341 affg. a Memorandum Opinion of this Court. In this case, petitioners only argument seems to be their "OMB-number" defense. As noted above, however, that defense is inadequate. It does not provide a reasonable basis for contending that it would have been illegal for petitioners to file a properly executed Form 1040 for 1981. See also Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990) (filing untimely returns without an adequate and reasonable excuse or justification for the delinquent filing is sufficient for the imposition of the negligence addition). Accordingly, petitioners are subject to the additions to tax under section 6653(a)(1). Section 6653(a)(2) provides that if the provisions for an addition to tax under section 6653(a)(1) are met, there shall also be added to the tax an amount equal to 50 percent of the interest payable with respect to the portion of the underpayment that is due to the negligent or intentional disregard of the rules and regulations. Because petitioners are liable for the additions to tax under section 6653(a)(1), they are liable for the additional interest under section 6653(a)(2), as well. Respondent has also determined *342 an addition to tax under section 6654. That provision addresses a failure to make timely estimated tax payments. It imposes additions to tax where the taxpayer's prepayments of tax, either through withholding or making estimated tax payments, do not equal a minimum amount of his tax liability as specified in the statute. The addition to tax under section 6654 is mandatory "unless the petitioner can place himself within one of the computational exceptions provided for in subsection (d) thereof." Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioners have failed to show that they come within any of those exceptions. The addition to tax under section 6654 is sustained. Petitioners finally urge that, if we find that they are subject to the taxes and additions to tax at issue, we should nevertheless hold that petitioner Elaine Beam is entitled to relief under the innocent spouse provisions of section 6013(e). Under the terms of that section, in order to obtain relief, Mrs. Beam must show (1) that a joint return for the taxable year 1981 has been made, (2) that there is a substantial understatement of tax attributable to "grossly erroneous items" of the other spouse, (3) *343 that she did not know and had no reason to know of that substantial understatement when she signed the return, and (4) considering all the facts and circumstances it would be inequitable to hold her liable for the deficiency in income tax attributable to that substantial understatement. A consideration of these elements shows that Mrs. Beam is not entitled to innocent spouse relief under section 6013(e). Initially, she has not shown that the understatement of tax at issue is attributable only to her husband. See sec. 6013(e)(2). Mrs. Beam worked at the insurance agency. At least some of the understated business income is attributable to her compensation. She has not shown otherwise. Moreover, she had reason to know of the understatement. She handled cash and checks at the Beams' insurance agency, and it is clear that she knew that the agency had received substantial income in 1981. When Mrs. Beam signed the return, however, her husband had indicated that zero or self-incrimination responses were the only responses appropriate for computing and reporting their taxes -- hers as well as his. The return thus would have given her reason to know of the substantial understatement *344 of taxes on that return. It is no excuse that she failed to review the return she signed. As we stated in Bokum v. Commissioner, 94 T.C. , , (February 28, 1990) (slip op. at 35): She cannot obtain the benefits of section 6013(e) by simply turning a blind eye to -- by preferring not to know of -- facts fully disclosed on a tax return, of such a numerical magnitude as would reasonably put her on notice that further inquiry would need to be made. * * *. [She] undertook responsibilities when she signed the * * * joint tax return. She cannot escape these responsibilities by simply ignoring the contents of this tax return. [Citation omitted.] Under these circumstances, it is not "inequitable" to hold her liable for the tax and additions to tax. The return she signed reflects an inadequate response to her duty to report her tax liabilities correctly, and to pay them in a timely fashion. Petitioner Elaine Beam is not entitled to relief under the innocent spouse provisions of section 6013(e). Because of concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to this Court's Rules of Practice and Procedure.↩
2. Petitioners had filed a 1981 Form 1040 which had zeroes or the words "None" or "Object-self incrim[ination]" on each line of the return. Respondent, by means of a bank deposits and expenditures analysis determined the amount of petitioners' income for 1981. After the case was calendared for trial, petitioners provided documentation regarding their income and deductions for 1981. Now the parties have agreed upon the amount of income, and respondent has agreed to some of the deduction items claimed by petitioners.
2. These items represent gains arising from petitioners' sale of an insurance agency in Kirkland, Washington.↩
3. The medical insurance premiums and the other medical and dental expenses are subject to a 3 percent adjusted gross income limitation.↩
4. Despite the uninformative responses, respondent has treated petitioners' 1981 Form 1040 as a return. See, however, United States v. Long, 618 F.2d 74 (9th Cir. 1980); but cf. Lee v. Commissioner, T.C. Memo. 1986-294. If the document submitted by petitioners were not a return, then there would be no limitation on the period for assessment with respect to petitioners' 1981 taxable year. Their liabilities might instead be assessed and collected at any time. Sec. 6501(c)(3)↩.
5. The Internal Revenue Service has obtained OMB approval of the process of collecting information through Federal income tax returns. The OMB has assigned number 1545-0074 to that process. Sec. 602.101(c), Statement of Procedural Rules (26 C.F.R.). The process of collection of information is embodied and authorized in the regulations. These regulations include, inter alia, those relating to taxpayers' record keeping and reporting requirements ( sec. 1.6001-1, Income Tax Regs.), those relating to the duty of taxpayers to file Federal income tax returns ( sec. 1.6011-1, Income Tax Regs.), and those relating to persons required to file income tax returns (sec. 1.6012-1↩). The OMB has assigned the number 1545-0074 to each of these regulations -- 1.6001, 1.6011, and 1.6012 -- as well as to many other regulations involving the collection of information.